the question of the proper dutiable value of certain telephone apparatus exported from Belgium.

By stipulation of the parties hereto, it has been agreed that, on or about the date of exportation, such or similar merchandise was not freely offered for sale in Belgium either for home consumption or for export to the United States. It was further stipulated and agreed that, on or about that date, such or similar imported merchandise was not freely offered for sale for domestic consumption in the United States and that the cost of production of said merchandise, as defined in section 402(f) of the Tariff Act of 1930 (19 U.S.C. §1402(f)), is the invoice unit values, plus 2.91 per centum.

Upon the agreed facts, I find and hold that cost of production, as that value is defined in section 402(f), *supra*, is the proper basis of value for the telephone apparatus in issue and that said value is the invoice unit values, plus 2.91 per centum.

As to any other merchandise, the appeals are dismissed.

Judgment will be entered accordingly.

**REHEARING MOTION DENIED**

APRIL 27, 1960

**Reap. Dec. 9695.**—Standard Sewing Equipment Corp. *v.* United States, reappraisements R59/12528 and R59/12529.— Motion by plaintiff.

**REHEARING MOTION GRANTED**

APRIL 28, 1960

**Reap. Dec. 9696.**—Cohn Hall Marx Co. Div. United Merchants *v.* United States, reappraisement 248365–A.— Motion by plaintiff.

(Reap. Dec. 9697)

PARAMOUNT IMPORT CO., INC., ET AL. *v.* UNITED STATES